IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|    Plaintiff, ) | |
| ) | No. 2:22-cr-20068-SHL-4 |
| v. ) | |
| ) | |
| THOMAS SMITH, ) | |
|    Defendant. ) | |

**ORDER DIRECTING PARTIES TO FILE POSITIONS AS TO
THE NECESSITY OF A HEARING FOR DEFENDANT
THOMAS SMITH'S RESENTENCING**

On February 9, 2024, after a nineteen-day trial, a jury returned a verdict finding Defendant Thomas Smith guilty of three counts in the Second Superseding Indictment. (ECF No. 807.) Two of Smith's co-Defendants were also found guilty. (See ECF Nos. 806, 808.) After the Defendants appealed their convictions to the Sixth Circuit Court of Appeals, the court issued an opinion on January 8, 2026, affirming the convictions but, "consistent with the Government's confession of sentencing error," it "vacate[d] Smith's sentence and remand[ed] for resentencing." (ECF No. 1100 at PageID 10132.) The court explained that

> the district court imposed a 10-year mandatory minimum based on his discharge of a firearm in connection with the attempted murder of Willie Perry. But the jury found only that Smith carried or used a firearm; as the verdict form for count five reflects, the jury expressly declined to find that Smith also brandished or discharged a firearm.
>     The Government acknowledges that Smith's use-or-carry conviction on count five should have generated only a 5-year mandatory-minimum sentence. See 18 U.S.C. § 924(c)(1)(A)(i). So it agrees that Smith's 10-year mandatory-minimum sentence for discharging a firearm violated Alleyne. And it accepts that a remand for resentencing is warranted. We therefore vacate Smith's sentence and remand for resentencing.

1

(Id. at PageID 10171–72.)

Although the Court must resentence Smith consistent with the Sixth Circuit's opinion, it is not clear whether an in-person hearing will be necessary, or if the resentencing can be done based on written submissions from the Parties. Therefore, within two weeks of the entry of this Order, the Parties shall submit on the docket a joint statement that reflects their respective positions on whether a hearing will be necessary. Based on that filing, the Court will either set a briefing schedule or a resentencing hearing.

**IT IS SO ORDERED,** this 11th day of February, 2026.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE